COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CRAIG ALLEN BURLESON, | § | No. 08-21-00188-CR |
| Appellant, | § | Appeal from the |
| v. | § | 361st District Court |
| THE STATE OF TEXAS, | § | of Brazos County, Texas |
| Appellee. | § | (TC# 19-02608-CRF-361) |

## **O P I N I O N**

Craig Allen Burleson pled guilty to assault of a family/household member with previous convictions; the trial court sentenced him to life in prison. TEX.PENAL CODE ANN. § 22.01(b)(2)(A). He appeals his sentence. Finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After being indicted for assaulting a family/household member with two previous felony convictions, Burleson entered an open plea of guilty to the charged offense. In conjunction with his open plea, Burleson signed written plea admonishments that adequately informed him of his rights. The written admonishments notified Burleson that the range of punishment for his offense was a period of confinement "for a period of not less than twenty-five (25) years or more than ninety-nine (99) years or life." As part of the written admonishments, Burleson waived his right to a jury trial and judicially confessed. Burleson pled guilty to assaulting a family/household

member at the plea hearing and admitted to three prior convictions. The trial court accepted Burleson's plea after admonishing him regarding the consequences of his plea.

Burleson elected to have the trial court determine his punishment. In a punishment phase of the trial, the court heard from twenty-two witnesses, over three days, who developed the circumstances of the charge in this case, and Burleson's criminal history. Following that hearing, the trial court sentenced him to life in prison. This appeal followed.

## II. FRIVOLOUS APPEAL

Burleson's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1976); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, has no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. Counsel was therefore permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id.*

Counsel in this case has concluded that, after a thorough review of the record, Burleson's appeal is frivolous. Her brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744. In accordance with *Anders's* requirements, counsel has moved to withdraw. Additionally, counsel notified the Court in writing that she delivered a copy of the brief and motion to withdraw to Burleson, and she has advised Burleson of his right to review the record and file a *pro se* brief. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex.Crim.App. 2014) (setting forth duties of counsel). She also notified Burleson of his right to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds the appeal is frivolous. Counsel provided Burleson

2

with a motion for *pro se* access to the appellate record so he could obtain the necessary records to file a brief, which he has done, but Appellant has not filed his own brief.

## III. INDEPENDENT REVIEW

After counsel files a proper *Anders* brief, the court of appeals must conduct its own review of the record to ascertain if there are any arguable grounds for the appeal. *In re Schulman*, 252 S.W.3d 403, 409 (Tex.Crim.App. 2008). We have thoroughly reviewed the record and counsel's brief in this case, and we agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

## IV. MOTION TO WITHDRAW

Finding Burleson's counsel has substantially complied with the requirements of *Anders* and *Kelly*, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318-20. No substitute counsel will be appointed. Should Burleson wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this Court. *See* TEX.R.APP.P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See* TEX.R.APP.P. 68.3. Any petition for discretionary review must comply with Rule 68.4 of the Texas Rules of Appellate Procedure.

## V. CONCLUSION

We affirm the trial court's judgment.

JEFF ALLEY, Justice

June 28, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)